IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PLACIDO PEREZ,

    Petitioner,

v.                                                           No. CIV 07-241 BB/LFG

GEORGE TAPIA, Warden,
and GARY K. KING, Attorney
General of the State of New Mexico,

    Respondents.

### MAGISTRATE JUDGE'S FINDINGS
### AND RECOMMENDED DISPOSITION[1]

#### Findings

1.    This is a proceeding on a petition for writ of habeas corpus brought under 28 U.S.C. § 2254,[2] filed March 12, 2007. [Doc. 1]. In an Order entered April 4, 2007 [Doc. 4], the Court directed Respondents to file an answer to the habeas petition and also to address the issue of whether there is evidence that Petitioner Placido Perez ("Perez") exhausted his remedies before filing this

---

[1]Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2]The Court construes Perez's § 2254 petition as one brought under 28 U.S.C. § 2241 because the petition challenges only the execution of Perez's sentence, rather than the fact of his conviction. *See* Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) (construing a § 2254 petition as one falling under § 2241 because it challenged the execution of the sentence). *See also* Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000) (attack on the execution of a sentence as it affects the duration of confinement fits better under § 2241).

lawsuit. On April 11, 2007, Perez filed a "Response to [the Court's] Order to Answer," with exhibits, although the Court's Order did not seek a response or answer from Perez.[3] On May 7, 2007, Respondents filed an Answer, with exhibits. [Doc. 9.] In their Answer, Respondents ask the Court to dismiss the petition with prejudice for failure to raise any federal constitutional claim, or alternatively, to dismiss the petition, without prejudice, to allow Perez to exhaust his state court remedies for any unexhausted claims. No further pleadings need be filed, and this matter is ready for resolution.

2.     Perez currently is confined at the Western New Mexico Correctional Facility in Grants, New Mexico. On February 11, 2004, Perez entered into a Plea and Disposition Agreement, in which he pled guilty to a charge of armed robbery (State v. Perez, CR 2003-4001, State of New Mexico, County of Bernalillo, Second Judicial District Court). [Doc. 9, Ex. B.] On January 26, 2005, the Judgment, Sentence and Order Partially Suspending Sentence was entered. [Doc. 9, Ex. A.] Perez was sentenced to an actual term of incarceration of three years. [Doc. 9, Ex. A., p. 2.] Perez was scheduled for release on about February 17, 2007, but because of forfeited good-time credits, he has not yet been released.

3.     As grounds for federal habeas review, Perez sets out two claims related to the loss of good-time credits which affected his projected February 2007 release date. Specifically, he claims that he was denied substantive and procedural due process with respect to a urinalysis he submitted to on January 6, 2007, that turned out positive for opiates, and a related prison disciplinary hearing. Perez also asserts due process violations regarding a misconduct report, dated January 9, 2007,

---

[3]Although typically, Petitioner is neither required nor permitted to file a supplemental petition or a response to his own petition, the Court considered Perez's response with exhibits. [Doc. 8]

relating to allegations that Perez was dealing or selling drugs in prison. Perez argues, in part, that he was found guilty of a major disciplinary infraction based on the uncorroborated testimony of a single confidential informant. [Doc. 1.]

4. Respondents deny all material allegations that Perez's confinement violates federal law or the federal constitution, and ask that the § 2241 petition be dismissed, with prejudice. Alternatively, Respondents argue that Perez failed to exhaust the two claims raised in his petition because he did not raise either claim via a state habeas corpus petition, which is an available state court remedy. Thus, Respondents ask that the petition be dismissed, without prejudice, for failure to exhaust. [Doc. 9.]

5. In Perez's "response," he argues that he exhausted all of his administrative remedies and that state court does not provide an adequate remedy for his due process claims related to loss of good-time credits. Thus, he asserts requiring further state court exhaustion would be futile. [Doc. 8.]

## Procedural History

6. On December 3, 2003, a grand jury indictment issued. [Doc. 9, Ex. C.] Perez was charged with armed robbery with a deadly weapon, conspiracy for armed robbery with a deadly weapon, tampering with evidence, conspiracy for tampering with evidence and contributing to the delinquency of a minor. [Doc. 9, Ex. C.] On February 11, 2004, Perez entered into a plea agreement and plead guilty to the single count of armed robbery. The other counts were dismissed as part of the plea negotiations. [Doc. 9, Ex. B.] On May 26, 2004, the Plea and Disposition Agreement was filed. On January 11, 2005, Perez appeared at a sentencing hearing and was given a suspended sentence of 6 years and an actual term of incarceration of 3 years. He was credited with 182 days

of presentence confinement. [Doc. 9, Ex. A.] [Doc. 9, Ex. A.]  According to Respondents, Perez was scheduled for release on February 17, 2007; according to Perez, his projected release date was February 13, 2007.  [Doc. Nos. 1, 9.]

    7.      On January 6, 2007, Perez was ordered to submit a urine sample based on his alleged association with another inmate who had a "positive" urine test and because Perez was observed with "red eyes" that day.  Perez's urine sample tested positive for opiates, and he was charged with possession or use of dangerous drugs.  [Doc. Nos. 1, 7, attachments.]  A hearing was held on the disciplinary charge, and Perez was present.  Perez was assisted with his defense by another inmate.  Perez denied the charges.  The assisting inmate argued that specifications for the urine sample were violated because the "cup" of urine sample was tested and "read" before the required five-minute wait period.  The corrections officer admitted that the urine sample was obtained and tested at the same time.  On January 16, 2007, a written disciplinary decision was issued by the New Mexico Corrections Department, finding Perez guilty of a major level infraction and recommending a sanction of 15 days confinement in disciplinary segregation (during which time good-time credit is not awarded) and loss of good-time not to exceed 45 days.  [Id.]  Perez appealed through the corrections department arguing that disciplinary policies were not followed.  The prison warden reviewed the evidence and documents and concluded that the disciplinary decision should be upheld.  [Doc. 7, attachment.]  Perez filed a further disciplinary appeal to the Deputy Secretary--Operations, and the Deputy Secretary denied the appeal on February 13, 2007.  [Id.]

    8.      On January 9, 2007, Perez was charged with making threats that placed another person in fear of great bodily harm and that jeopardized the security of the institution.  He was also charged with dealing in dangerous drugs.  After an investigation, prison officials concluded that Perez

was dealing in dangerous drugs and threatening other inmates. Confidential information was received from numerous sources that Perez threatened other inmates to stay silent. Confidential information was also obtained that another inmate received drugs on two dates and that Perez assisted that inmate in trafficking and collecting debts from inmates who owed money for the drug deals. [Doc. Nos. 7, 9, attachments.] A disciplinary hearing was held on the charges, and Perez was present. Another inmate assisted Perez in Perez's defense. A summary of the confidential information was read into the record and a written summary of the confidential information was attached to the record. Perez denied the charges. The inmate assisting Perez made a number of arguments on his behalf. On January 23, 2007, the New Mexico Corrections Department issued a disciplinary decision finding Perez guilty of a major level infraction with respect to the drug charge. The charge concerning alleged threats by Perez was dismissed for lack of sufficient evidence. The hearing officer recommended 30 days confinement in disciplinary segregation and loss of good-time not to exceed 180 days. [Doc. 7, attachment.] On January 29, 2007, Perez filed an disciplinary appeal, challenging the credibility of the confidential informants' statements and alleging that disciplinary policies were not followed. The Warden upheld the disciplinary decision on January 31, 2007. [Doc. 7, attachments.] On February 8, 2007, Perez filed another disciplinary appeal addressed to Erma Sedillo or Joe Williams. On February 21, 2007, the Deputy Secretary–Operations issued a decision denying the appeal. [Id.]

    9.    Perez admits that he did not present either of the claims related to the misconduct convictions or loss of good-time credit to the state court before filing this federal habeas petition. [Doc. 1, ¶ 19.]

## Analysis

### Exhaustion of State Remedies

10.     As stated before, Perez's § 2254 habeas petition is construed as a § 2241 petition. The Tenth Circuit has held that a 28 U.S.C. § 2241 habeas petition is the appropriate means by which to seek the restoration of good-time credits. Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987). *See also* McIntosh v. United States Parole Com'n, 115 F.3d 809, 811 (10th Cir. 1997) (§ 2241 petitions are used to attack the execution of a sentence, including the deprivation of good-time credits and other prison disciplinary matters).

11.     Generally, it is a prerequisite to habeas relief that a petitioner exhaust his remedies in state court before bringing a habeas petition in federal court. Clayton v. Gibson, 199 F.3d 1162, 1170 (10th Cir. 1999) (*citing* 28 U.S.C. § 2254(b)(1)), *cert. denied*, 531 U.S. 838 (2000). With respect to the question of exhaustion it makes little difference whether the petition is construed under § 2241 or § 2254 because exhaustion is applied in the same manner to both types of petitions. *See* Montez, 208 F.3d at 866 ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254") (*citing* Coleman v. Thompson, 501 U.S. 722, 731 (1991)).

12.     Accordingly, a federal court may consider a petition for writ of habeas corpus only after the petitioner first presents his claims to a state court and exhausts his state remedies, unless "there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if the federal issue was properly presented to the highest state court in a post-conviction attack. Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

13.     A state prisoner bringing a federal habeas petition bears the burden of showing he exhausted state remedies. Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.), *cert. denied*, 506 U.S. 924 (1992). Failure to exhaust state remedies may result in the dismissal of a habeas petition. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198 (1982). Strict enforcement of the exhaustion requirement encourages habeas petitioners to exhaust all of their claims in state court and to present a single habeas petition to federal. Id. at 520.

14.     Respondents argue that neither of Perez's two claims was presented to a state court and therefore, must be dismissed without prejudice for failure to exhaust. Perez argues that it would be futile to raise these challenges in state court because there is no adequate state remedy for claims related to loss of good-time credit. In support of his position, Perez relies on Gamble v. Calbone, 375 F.3d 1021, 1026 (10th Cir. 2004), in which the Tenth Circuit Court of Appeals noted that it continued "to follow our ruling in Wallace [v. Cody, 951 F.2d 1170, 1172 (10th Cir. 1991)] that there is no state-exhaustion requirement for Oklahoma inmates challenging the merits of a disciplinary board revocation of earned credits where the inmate is seeking only speedier, and not immediate, release."

15.     The Court finds Gamble distinguishable on a number of grounds. First, in Gamble, the Tenth Circuit specifically addressed Oklahoma law rather than New Mexico law. In Gamble, the Tenth Circuit did not discuss whether New Mexico state courts provide remedies under the circumstances of the present case. Indeed, under New Mexico law, an inmate may file a petition that challenges confinement or matters other than attacks on the sentence or underlying conviction. Rule 5-802(B)(6)(b)-NMRA. Thus, Rule 5-802(B) specifically contemplates the type of challenge that Perez raises. Second, in Gamble, the respondent, unlike these Respondents, "admitted there appeared

7

to be no state-court remedy recognized in Oklahoma for immediate judicial review of the sufficiency of the evidence to support a prison disciplinary conviction." Id. at 1026. Finally, in Gamble, part of the Court's reasoning was premised on the fact that inmate Gamble sought a speedier release rather than an immediate release. Id. at 1027. Unlike the facts in Gamble, Perez seeks an immediate release at this point since he was not released on the previously projected date in February 2007.

16.     The Court rejects Perez's argument that there is an absence of available State corrective process in New Mexico's state courts. In Garcia v. Dorsey, 140 N.M. 746, 149 P.3d 62, 63 (2006), an inmate filed a habeas petition in state court challenging conviction for a disciplinary violation during incarceration and forfeiture of good-time credits. The inmate in Garcia, similar to Perez, argued that his procedural due process rights were violated during the disciplinary hearing and that as a result of the improper conviction, he was subjected to unlawful confinement for an additional period of time. Id. Ultimately, the New Mexico Supreme Court reversed the state district court's dismissal of Garcia's state habeas petition and remanded to the trial court for a full hearing on the merits with respect to the inmate's claims. *See also* Miller v. Tafoya, 134 N.M. 335, 76 P.3d 1092 (2003) (inmate filed state habeas petition alleging procedural due process violations concerning prison officials' determination to elevate punishment for his misconduct conviction to a major level status and related forfeiture of good-time credits); Brown v. Ulibarri, No. CIV 06-1109 (D.N.M. Mar. 23, 2007) (inmate filed a state habeas petition raising challenges related to the forfeiture of good-time credits and after an evidentiary hearing, state court remanded in part).

17.     Other Tenth Circuit opinions, *albeit* unpublished decisions, note that inmate claims relating to earned or forfeited good-time credits must be exhausted in state court before a federal habeas petition can be brought. *See* Benjamin v. Snider, 242 F.3d 387 (Table, Text in Westlaw),

2000 WL 1801612 at *1-2 (10th Cir. Dec. 5, 2000) (remanded so that district court could dismiss case without prejudice for failure to exhaust where inmate never challenged in state court the correctional facility's refusal to apply good-time credits to his sentence and respondent expressly raised failure to exhaust defense); Garcia v. Blackmer, 190 Fed. Appx. 627, 2006 WL 2130458 (10th Cir. Aug. 1, 2006) (Tenth Circuit agreed that inmate failed to demonstrate he exhausted available state court remedies with respect to his claims, including a claim that he was denied good-time credit against his sentence); Janke v. Price, 124 F.3d 216 (Table, Text in Westlaw), 1997 WL 537962 (10th Cir. Sep. 2, 1997) (inmate's claim that good-time credits be restored could be cognizable under § 2254 but inmate had not exhausted his state court remedies).

18.    Here, Perez brings due process challenges to issues concerning convictions for misconduct while incarcerated. He argues that his 14th Amendment due process rights were violated and/or that there was insufficient evidence to support the misconduct convictions. Ultimately, Perez seeks to be awarded good-time credit for which he was not eligible while placed in disciplinary segregation or earned credits that were forfeited due to his misconduct convictions. While Perez exhausted administrative remedies within the prison system regarding these claims, it is conceded that Perez did not raise either claim before the state court. There are available state remedies under New Mexico law, and Respondents specifically raised the defense of failure to exhaust.

19.    Finally, if Perez were to file a state habeas petition, it would not be time-barred as the petition may be filed one year from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Perez's convictions for misconduct occurred in early 2007. Thus, the one-year statute of limitations has not yet run.

## **Recommended Disposition**

That Perez's § 2241 petition [Doc. 1] be denied, and that all of his claims be dismissed, without prejudice, for failure to exhaust state court remedies.

                                                      */s/ Lorenzo F. Garcia*
                                                     Lorenzo F. Garcia
                                                     Chief United States Magistrate Judge